USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/16/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TONIANN FOLEY,                                    :
                                                  :    **OPINION AND**
                              Plaintiff,          :    **ORDER**
                                                  :
                                                  :    20-CV-4231 (JLC)
          -v.-                                    :
                                                  :
KILOLO KIJAKAZI,                                  :
ACTING COMMISSIONER OF SOCIAL                     :
SECURITY,[1]                                      :
                                                  :
                              Defendant.          :
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Following a stipulated remand and the subsequent award of benefits,

Toniann Foley has now moved for approval of attorney's fees pursuant to 42 U.S.C.

§ 406(b) in this social security case.  For the reasons set forth below, I award

attorney's fees to Foley's counsel in the amount of $25.972.50 and direct counsel to

promptly refund to Foley the sum of $5,960.00, which is the amount of attorney's

fees previously awarded to Foley's counsel under the Equal Access to Justice Act.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of the Social Security
Administration.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the
Acting Commissioner is substituted for the Commissioner as the defendant in this
action.

1

# I.  BACKGROUND

## A.  Facts & Procedural History

On March 27, 2017, Foley filed an application for social security disability benefits.  Administrative Record ("AR"), Dkt. No. 11, at 132.[2]  After the Social Security Administration ("SSA") denied her claim on May 19, 2017, Foley requested a hearing before an Administrative Law Judge ("ALJ").  *Id*. at 62, 69.  On December 5, 2018, following a hearing, the ALJ denied her claims and Foley appealed the decision.  *Id.* at 23.  The Appeals Council denied her appeal on April 1, 2020.  *Id*. at 1.  Foley retained Howard Olinsky ("Olinsky") as her counsel on May 13, 2020.  Fee Agreement, Dkt. No. 22-2, at 3.

Foley filed a federal complaint on June 30, 2020.  Dkt. No. 1.  On July 20, 2020, the parties consented to my jurisdiction.  Dkt. No. 8.  On January 25, 2021, the parties agreed to remand the case for further proceedings, Dkt. No. 12, and that same day the Court entered an order remanding the case.  Dkt. No. 13.  On April 22, 2021, the parties stipulated that the SSA would pay $5,960 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. No. 21.

Upon remand, the SSA determined that Foley became disabled on February 15, 2015.  Notice of Award, Dkt. No. 22-3, at 3.  As part of a retainer agreement, Foley agreed to pay 25% of the past due benefits payable to her as payment to Olinsky for legal services.  *See* Affirmation in Support of Motion for Attorney's Fees ("Olinsky Aff."), Dkt. No. 22-1, ¶ 3; *see also* Fee Agreement at 2.  By Notice of Award

---

[2] Citations to page numbers refer to pagination created by ECF.

dated March 30, 2022, the SSA informed Foley that she was entitled to past due benefits of which it withheld $25,972.50 (25% of the past due benefits) "to pay [her] lawyer." Notice of Award at 4.

On April 8, 2022, Foley moved for attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 22. In her motion papers, Foley requests that the Court (1) authorize attorney's fees in the amount of $25,972.50, and (2) permit the EAJA award of $5,960.00 to be deposited in escrow to pay any portion of the 406(b) award that the SSA is unable to pay, with any remaining amount returned to plaintiff. Olinsky Aff. at 3.[3] On May 22, 2022, the Commissioner filed a response to Foley's motion, deferring to the Court's determination regarding the reasonableness of the requested fee but objecting to the request that the EAJA award be held in escrow. Defendant's Response to Plaintiff's Counsel's Motion ("Comm'r. Resp."), Dkt. No. 25, at 3–5. Foley filed reply papers on June 3, 2022. Plaintiff's Reply to Defendant's Response ("Pl. Reply"), Dkt. No. 27.

## II. DISCUSSION

### A. Legal Standards

Pursuant to Section 206(b) of the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25

---

[3] Certain paragraphs in this affirmation are not numbered; in these instances, the citation refers to the page number.

percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b)(1)(A).  However, even if the claimant agreed to a contingency fee arrangement, Section "406(b) calls for court review of such arrangements as an independent check." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  To do so, courts must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement." *Dorta v. Saul*, No. 18-CV-396 (JLC), 2021 WL 776446, at *1 (S.D.N.Y. Mar. 1, 2021) (quoting *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)).[4]

A court must then consider the following factors to determine the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Nieves v. Colvin*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *1 (S.D.N.Y. Dec. 26, 2017) (quoting *Gisbrecht*, 535 U.S. at 808), *adopted by* 2018 WL 565720 (Jan. 24, 2018); *see also Wells*, 907 F.2d at 371 ("best indicator of the

---

[4] In addition, the Second Circuit has held that the 14-day filing period for attorneys' fees set forth in Federal Rule of Civil Procedure 54(d)(2)(B) is applicable to § 406(b) motions.  *See Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019).  "[T]he fourteen-day filing period starts to run when the clamant receives notice [from the agency] of the benefits calculation."  *Sinkler*, 932 F.3d at 91.  In this case, Foley's motion was filed on April 8, 2022, fewer than 14 days after the SSA's March 30, 2022 Notice of Award letter.  Notice of Award at 1.  Therefore, as the Commissioner acknowledges, Foley's motion is timely.  Comm'r Resp. at 2.

'reasonableness' of a contingency fee in a social security case is the contingency

percentage actually negotiated between the attorney and client").  With respect to

the third factor – whether a requested fee would be a "windfall" – courts consider

several factors, including:

> 1) whether the attorney's efforts were particularly
> successful for the plaintiff, 2) whether there is evidence of
> the effort expended by the attorney demonstrated through
> pleadings which were not boilerplate and through
> arguments which involved both real issues of material
> fact and required legal research, and finally 3) whether
> the case was handled efficiently due to the attorney's
> experience in handling social security cases.

*Dorta*, 2021 WL 776446, at *2 (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454,

456–57 (W.D.N.Y. 2005)).[5]

An attorney may receive fee awards under both the EAJA and § 406(b), but

where the attorney receives two fee awards for the same work, he must "refun[d] to

the claimant the amount of the smaller fee."  *Gisbrecht*, 535 U.S. at 796 (citation

omitted).  Notably, § 406(b)'s 25% cap applies only to fees awarded for federal court

work and not the aggregate amount of fees under both § 406(a) and § 406(b).

*See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

---

[5] The Second Circuit recently observed that in determining whether a requested fee
award is a windfall, a district court must consider more than the lodestar
calculation and *de facto* hourly rate.  *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir.
2022).  Instead, a "court's primary focus should be on the reasonableness of the
contingency agreement in the context of the particular case."  *Id.* at 853 (quoting
*Wells*, 907 F.2d at 371).  "[E]ven a relatively high hourly rate may be perfectly
reasonable, and not a windfall, in the context of any given case."  *Id.* at 854.

### B. Analysis

#### 1.    Reasonable Attorney's Fees

As a threshold matter, the requested fee is equal to the 25% negotiated in the contingency fee agreement between Foley and Olinsky, and, as the Commissioner concedes, there is no evidence of "fraud or overreaching" in the agreement.  *Wells*, 907 F.2d at 372; Comm'r Resp. at 5.  Moreover, in this case, the reasonableness factors weigh in favor of approving the attorney's fees request.

With respect to the quality of representation, Olinsky reviewed a more than 1,000-page administrative record, *see* AR at 4, was able to successfully negotiate a remand to the SSA, and ultimately secured an award of past due benefits.  *See, e.g., Cruz v. Saul*, No. 17-CV-3951 (GBD) (JLC), 2020 WL 3965345, at *2 (S.D.N.Y. Jul. 14, 2020) (attorney provided quality representation after reviewing record and securing remand that resulted in award of past due benefits), *adopted by* 2020 WL 6491692 (Nov. 4, 2020).  Moreover, there is nothing in the record to suggest that counsel unreasonably delayed the proceedings.

With respect to whether the requested fees may amount to a "windfall," Olinsky's efforts were "particularly successful" given that he ultimately secured Foley $103,809 in past due benefits.  Olinsky Aff. ¶ 4; *see, e.g., Fields*, 24 F.4th at 855 (attorneys' efforts were "particularly successful" when claimant received fully favorable decision from SSA and six-figure award of past-due benefits); *Dorta*, 2021 WL 776446, at *2 (attorney's efforts were "particularly successful" when he secured

more than $100,000 in past due benefits for claimant) (citing *Gisbrecht*, 535 U.S. at 808).

Additionally, Olinsky's *de facto* hourly rate of $964.22, Olinsky Aff. ¶ 9, "is within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Dorta*, 2021 WL 776446, at *2; *see also Muniz v. Comm'r of Soc. Sec.,* No. 18-CV-8295 (KMK) (PED), 2020 WL 8340078, at *3–4 (S.D.N.Y. Dec. 15, 2020) (hourly rate of $1,257.15 not windfall) (collecting cases), *adopted by* 2021 WL 293381 (Jan. 28, 2021); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 211841, at *3 (S.D.N.Y. May 15, 2019) (awarding *de facto* rate of $1079.72); *Nieves*, 2017 WL 6596613, at *2–3 (awarding *de facto* rate of $1,009.11).[6] While Foley's motion does not address Olinsky's experience, courts in this District have found that "Olinsky is well experienced in handling social security cases." *Cutajar v. Comm'r of Soc. Sec.,* No. 19-CV-5569 (SDA), 2021 WL 1541386, at *3 (S.D.N.Y. Apr. 20, 2021).  Given his experience, Olinsky was able to efficiently negotiate a remand of Foley's case without engaging in extensive briefing and spending numerous hours litigating the case in federal court.  *Fields*, 24 F.4th at 854 (finding requested fees reasonable when attorneys' "specialization and expertise" allowed them to operate efficiently).  Lastly, contingency agreements, like the one here, present risks of non-payment, and therefore "any reasonable fee

---

[6] Olinsky has requested $25,972.50 for 33.3 hours of services rendered before this Court, 26.2 of which were attorney hours and 7.1 hours of which were paralegal hours.  Olinsky Aff. ¶ 9.  If, as Olinsky suggests, the paralegal team is billed at $100.00 per hour, the effective hourly attorney rate is $964.22 (($25,972.50 – ($100 x 7.1)) / 26.2).

award must take account of that risk." *Nieves*, 2017 WL 6596613, at *2 (quoting *Wells*, 907 F.2d at 371).

### 2.   Return of EAJA Award

With respect to the previous $5,960 EAJA fee award, where a plaintiff's counsel received fees for the same work before a district court under the EAJA and § 406(b), it is well-settled that counsel must refund to the claimant the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.").

Olinsky requests that the EAJA fee award be held in escrow due to his concern that "[i]f the 406(a) award is paid first, [the] SSA often does not have enough remaining funds to pay the 406(b) award in full." Olinsky Aff. ¶ 7.[7] However, as Magistrate Judge Aaron recently ruled on the same point, the Court has no authority to approve this request because controlling case law dictates that attorneys "may not lawfully retain fee awards under both section 406(b) and the EAJA." *Cutajar*, 2021 WL 1541386, at *4 (citing *Reyes v. Berryhill,* No. 17-CV-07214 (RLM), 2021 WL 1124752, at *3 (E.D.N.Y. Mar. 24, 2021)). Olinsky asserts that *Cutajar* is distinguishable from the present motion because "in that case,

---

[7] The "406(a) award" refers to fees awarded, pursuant to 42 U.S.C. § 406, to "persons . . . representing claimants before the Commissioner of Social Security." 42 U.S.C. § 406(a)(1).

[Olinksy] requested to keep the EAJA award in escrow to pay the *hearing representative*," Pl. Reply at 1 (emphasis added), whereas in this case, the deposited award would cover "any portion of the 406(b) award that SSA is unable to pay" him. Olinsky Aff. ¶ 7. The *Cutajar* opinion, however, does not support such a distinction and the request to deposit the EAJA fees in both cases appears functionally equivalent. This Court finds no reason to depart from the *Cutajar* decision.

In support of his request, Olinsky relies on two cases that are readily distinguishable from the present circumstances. First, Olinsky cites *Ramsey v. Commissioner of Social Security,* No. 18-CV-3064 (JS), 2021 WL 9541326, at *2 (E.D.N.Y. Nov. 15, 2021), in which the court ordered the SSA to pay plaintiff's counsel $14,306.50, but the SSA "unilaterally and in contradiction with . . . the Court's  . . . Order" only paid counsel $10,922.86. *See* Pl. Reply at 1. Only after the *Ramsey* court determined that the SSA had "shorted" plaintiff's counsel did it permit the petitioner to keep a portion of the EAJA award, an amount equal to the "shorted amount." *Id*. at 2, 3. Here, the Court has not yet directed the SSA to pay counsel a specific amount and there is no issue as to how to make counsel whole. As such, *Ramsey* provides no authority for this Court to grant the request to deposit the EAJA award into escrow.

Olinsky also cites *Johnson v. Commissioner of Social  Security*, No. 16-CV-4219 (LDH) (RML), 2020 WL 6128966, at *2 (E.D.N.Y. Oct. 19, 2020), to support his assertion that "the Agency cannot pay both 406(a) and 406(b) awards in full," and that "[t]he Court could require the Agency to pay the 406(b) award regardless of

9

whether it has enough withheld funds to pay it." Pl. Reply at 2. In *Johnson*, after the SSA exhausted all the withheld funds in order to pay the 406(a) fees, the Commissioner contended that plaintiff's counsel should look to his client for payment of his 406(b) fees. *Johnson*, 2020 WL 6128966 at *2. The *Johnson* court rejected that argument and ordered the Commissioner to pay $10,215.26 to counsel. *Id*. at *3. Here, however, there is nothing in the record that the SSA does not or will not have the funds to pay Olinsky his 406(b) attorney's fees. Olinsky's request to deposit the EAJA funds in escrow is based entirely on speculation that the SSA will be unable to pay the full 406(b) amount awarded by this Court. Moreover, *Johnson* did not involve a request to hold a previously awarded EAJA fee in escrow and the court there did not order counsel's 406(b) fees to be paid out of funds that were presumptively returned to the plaintiff.

Finally, Olinsky cites to *Roginsky v. Berryhill,* No. 17-CV-5559 (KAM) (E.D.N.Y March 29, 2021) as an example of judicial approval of a similar request. *See* Pl. Reply at 1; *see also* Dkt. No. 27-1 ("*Roginsky* Text Order"). There, the court allowed Olinsky to deposit into escrow the "EAJA award previously paid, to be paid over to the hearing representative as all or a portion of the approved 42 U.S.C. § 406(a) fee, with any remaining being returned to the plaintiff." *Roginsky* Text Order at 2. It is not clear from the text order on what basis the court approved Olinsky's request (and no authority is cited) and further, *Roginsky* appears to be an outlier. *See, e.g. Wheeler v. Kijakazi,* No. 19-CV-285 (TAV) (DCP), 2021 WL 6776239, at *4 (E.D. Tenn. Sept. 30, 2021) (similar request from Olinsky Law Group

attorney denied because court had no authority to approve such request), *adopted by* 2022 WL 303678 (Feb. 1, 2022); *Roffman v. Comm'r of Soc. Security*, No. 19-CV-58 (BP) (HRR), 2021 WL 8998997, at *3 (N.D. Tex. Oct. 14, 2021) (Olinsky's request to hold funds in escrow denied (citing *Rice v. Astrue*, 609 F.3d 831 (5th Cir. 2010))); *Vasquez v. Kijakazi*, No. 17-CV-183 (RMS), 2021 WL 3076739, at *4 n.3 (D. Conn. July 21, 2021) (court distinguished *Roginsky,* finding no authority to approve Olinsky's request to release EAJA funds rather than refund them to plaintiff). For all these reasons, the Court denies Olinsky's request to hold the EAJA fee award in escrow.

### III. CONCLUSION

For the reasons set forth above, plaintiff's counsel's motion for attorney's fees is granted in part and denied in part. Foley's counsel is hereby awarded the sum of $25.972.50 in fees. Upon receipt of this sum, Foley's counsel is directed to refund the previously awarded EAJA fees of $5,960 to Foley.

**SO ORDERED.**

Dated: December 16, 2022
      New York, New York

JAMES L. COTT
United States Magistrate Judge